UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DENISE KALIN, Co-Administrator of the Estate of TIMOTHY ROSS LANGDON DOWN; and ROBERT HOTCHIN, Administrator of the Estate of BRETT HOTCHIN, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 12 C 2147 |
| v. | ) ) | Judge Edmond E. Chang |
| QBE INSURANCE (AUSTRALIA) LIMITED, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Denise Kalin and Robert Hotchin, as administrators of the estates of Timothy Down and Brett Hotchin, respectively, filed suit in Cook County Circuit Court alleging that QBE Insurance breached an insurance policy when it failed to provide a defense and indemnification to the estates of Down and Brett Hotchin in a related lawsuit. R. 1-1.[1] Floyd A. Wisner moved to intervene [R. 1-4], and also filed an amended complaint asserting an additional claim against QBE for abuse of process [R. 1-8]. After Kalin, Robert Hotchin, and another intervening plaintiff, Shane Urquhart, voluntarily dismissed their claims without prejudice, QBE removed the case to this Court [R. 1], arguing that the case now meets the requirements for federal subject matter jurisdiction under diversity of citizenship. 28 U.S.C. § 1332. Intervening-Plaintiff Wisner moved to remand to state court [R. 13], arguing that the suit does not

---

[1] Citation to the docket is "R." followed by the entry number.

satisfy the amount-in-controversy requirement of 28 U.S.C. § 1332. For reasons explained more fully below, Wisner's motion is denied.

## I.

This dispute originates from an airplane crash that occurred in Queensland, Australia in 2005. Much litigation has arisen in both the United States and Australia among and between the estates of the deceased passengers and crew members, the manufacturers and distributors of the aircraft and its various parts, and the insurance company that held policies for the two pilots operating the plane at the time of the crash. The original plaintiffs, Denise Kalin and Robert Hotchin, are no longer parties to this suit; they are Australian citizens and are the administrators of the estates of the pilots, Timothy Down and Brett Hotchin, respectively.[2] R. 1, Notice of Removal ¶ 3. Floyd A. Wisner, who filed the motion to remand [R. 13], in his personal capacity, is the United States-based attorney for Kalin and Robert Hotchin, and a citizen of Illinois. *Id.* ¶¶ 12, 36a. Defendant QBE Insurance (Australia) Limited is an Australian company and citizen. *Id.* ¶¶ 5, 36b.

Kalin and Hotchin[3] originally filed this suit in the Circuit Court of Cook County, alleging that QBE breached the pilots' insurance policies by failing to provide a defense and indemnification for counterclaims filed against the pilots' estates in litigation

---

[2] Under 28 U.S.C. § 1332(c)(2), "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."

[3] Robert Hotchin will be referred to as Hotchin, while the Court will refer to Brett Hotchin, when necessary, by his full name.

related to the 2005 plane crash. R. 1-1, Compl. The complaint alleged that Kalin and Hotchin had "suffered damages due to [QBE's] breach of its contract of insurance in that [Kalin and Hotchin] have been forced to incur fees and costs in defending these counterclaims and are exposed to potential liability to the counter-plaintiffs." *Id*. ¶ 14. Plaintiffs' damages were alleged to be "in excess of the jurisdictional minimum amount of [the Law Division of the Circuit Court of Cook County], together with costs and attorney's fees and such other damage as may be allowed by law." *Id*. at 3-4.

In October 2011, while the case was still pending in Cook County, Wisner sought to personally intervene as a plaintiff in the action. R. 1-4, Petitioner Floyd A. Wisner's Motion to Intervene as Plaintiff.[4] The judge in the state-court case did not rule on Wisner's motion to intervene before the case was removed, but Wisner was permitted to file an amended complaint in state court in December 2011. R. 1-7, Order of Dec. 29, 2011. In the amended complaint Wisner added an "abuse of process" claim asserted only on behalf of himself. R. 1-8, Am. Compl. at 4-5. As to his damages for this count, Wisner alleged:

> As the direct and proximate result of [QBE's] tortious abuse of process . . ., plaintiff, Floyd A. Wisner, was forced to incur time and expense in pursuing motions . . . before this Illinois Court . . . .

*Id*. at 5. Again, Wisner alleged that his damages were "in excess of the jurisdictional limits of [the Law Division of the Circuit Court of Cook County]." *Id.*. On the same date

---

[4] The factual background of Wisner's motion to intervene is convoluted and its recitation is unnecessary to deciding the motion to remand. The court will address these facts as well as the merits of Wisner's petition to intervene at a later date (if necessary).

3

that Wisner was permitted to file an amended complaint, Kalin and Hotchin were permitted to voluntarily dismiss their claims without prejudice. Order of Dec. 29, 2011. After another intervening plaintiff, Shane Urquhart, was also permitted to voluntarily dismiss his claims without prejudice, R. 1-9, Order of Mar. 22, 2012, QBE removed the case to this Court, arguing that this Court now has jurisdiction under 28 U.S.C. § 1332. Notice of Removal. Intervening-Plaintiff Wisner moved to remand the case, alleging that the suit failed to satisfy the amount-in-controversy requirement of 28 U.S.C. § 1332. R. 13, Mot. to Remand and for Attys. Fees.

## II.

Removal is governed by 28 U.S.C. § 1441, which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district . . . embracing the place where such action is pending." 28 U.S.C. § 1441(a). "Only state-court actions that originally could have ben filed in federal court may be removed to federal court." *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987). But even when a case is not removable at the outset based on its initial pleading, the defendant may file a notice of removal within 30 days after receipt of "an amended pleading, motion, order or other paper from which it may *first* be ascertained that the case is one which is or has become removable." 42 U.S.C. § 1446(b)(3) (emphasis added). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state

court." *Schur v. L.A. Weight Loss Ctrs.,* 577 F.3d 752, 758 (7th Cir. 2009) (citing *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). But "[t]here is no presumption against federal jurisdiction in general, or removal in particular." *Back Doctors Ltd. v. Metropolitan Property and Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011).

QBE's asserted basis for federal jurisdiction in this case is diversity jurisdiction under 28 U.S.C. § 1332. Section 1332 states in pertinent part that district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of a State and citizens or subjects of a foreign state . . . ." § 1332(a)(2). Here, diversity of citizenship is undisputed, but the parties contest whether the amount in controversy exceeds $75,000. In cases of removal, the amount in controversy is measured as "the amount required to satisfy the plaintiff's demands in full . . . on the day the suit was removed." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2006) (internal citations omitted). A defendant, when removing a suit, may "present its own estimate of the stakes; it is not bound by the plaintiff's estimate." *Back Doctors Ltd. v. Metropolitan Property and Cas. Ins. Co.*, 637 F.3d 827, 830 (7th Cir. 2011). Whether the amount in controversy exceeds $75,000 is a prediction, not a fact. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006). But the proponent of federal jurisdiction must allege and prove the "jurisdictional facts" that determine the amount in controversy by a preponderance of the evidence. *Meridian*, 441 F.3d at 541 (7th Cir. 2006); *Back Doctors Ltd. v. Metropolitan Property and Cas. Ins. Co.*, 637 F.3d 827, 829 (7th Cir. 2011). "[O]nce these facts have been established[,] the proponent's estimate

5

of the claim's value must be accepted unless there is a 'legal certainty' that the controversy's value is below the threshold." *Meridian*, 441 F.3d at 541 (citations omitted). This standard was reiterated recently by the Seventh Circuit when it clarified that in cases of removal "the estimate of the dispute's stakes advanced by the proponent of federal jurisdiction controls unless a recovery that large is *legally impossible*." *Back Doctors*, 637 F.3d at 830 (emphasis added).

### III.

QBE has established by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000, and Wisner has failed to counter that such a recovery by him would be "legally impossible." As noted above, Wisner's amended complaint added a claim for abuse of process. Am. Compl. at 4-5. Wisner's asserted damages for his abuse of process claim include compensation for the time and expense he incurred for various filings in this case related to injunctions that were obtained in the Australian proceeding. Am. Compl. at 5. Wisner did not specify the amount of damages he is seeking on his abuse of process claim in the amended complaint, except to note that the damages exceed the jurisdictional minimum for the Law Division of the Circuit Court of Cook County. *Id.* at 5. That minimum appears to be $30,000. *See* Gen. Order of the Cir. Ct. of Cook Cnty. 1.2, 2.1(a)(1)(i).

In its notice of removal, QBE argues that the amount in controversy exceeds $75,000 based on the fees that QBE itself has incurred in this action, the potential damages Wisner may seek on the underlying breach of contract action, and statements Wisner has made regarding fees he has incurred and is responsible for in the

6

Australian proceeding. Notice of Removal ¶¶ 38-42.[5] Although QBE is mistaken in its argument that Wisner's post-removal affidavit is "irrelevant,"[6] R. 21, Def.'s Resp. Br. at 12, QBE has presented sufficient evidence to establish by a preponderance of the evidence that the "amount at stake" in this litigation may exceed the $75,000 jurisdictional minimum. *See BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 553 (7th Cir. 2002) (holding that "the jurisdictional minimum in diversity cases is not the amount sought by the plaintiff but the amount at stake to either party to the suit").

Given that QBE has satisfied its burden, in order to defeat removal Wisner must present evidence that a recovery by him in excess of $75,000 would be "legally impossible." *Back Doctors*, 637 F.3d at 830. Wisner has not met this high burden. Plaintiffs sometimes satisfy the legal impossibility standard by pleading a specific amount of damages in a state where such pleadings are legally binding, or by entering into a stipulation before removal that they will not seek more than the jurisdictional limits. *See BEM I, L.L.C.*, 301 F.3d at 552; *Workman v. United Parcel Service, Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000). But in Illinois, plaintiffs are not limited to seeking the amounts requested in their state court complaint, nor did Wisner make such a

---

[5] QBE also relies on an Illinois Supreme Court rule which purportedly requires plaintiffs to file a binding affidavit with their complaint stating whether their money damages exceed $50,000. *See* R. 21, Def.'s Resp. Br. at 11 (citing Ill. S. Ct. R. 222). Because there is no evidence that Wisner filed such an affidavit with his amended complaint, the Rule is not determinative of the amount in controversy in this case.

[6] The Seventh Circuit has held that "[e]vents subsequent to removal that merely reveal whether the required amount was in dispute on the date of filing, rather than alter the current amount in controversy, can be considered in deciding what the original amount in controversy was." *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002) (citations omitted).

disclaimer. *See* 735 ILCS 5/2-604; *Oshana*, 472 F.3d at 511 (disclaiming an intent to seek over the jurisdictional minimum in the state court complaint is insufficient to defeat removal in Illinois). Nor did Wisner stipulate to any limit on the damages he is seeking. In the affidavit accompanying his motion to remand, Wisner affirms that "the total amount of the damages sought by me in this action, *as of the date of defendant's removal*, is $33,097.56." R. 14-1, Wisner Aff. ¶ 10 (emphasis added). Wisner's post-removal statement as to his damages is problematic for two reasons. First, "events occurring subsequent to removal which reduce the amount recoverable . . . do not oust the district court's [diversity] jurisdiction." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938). So even if Wisner had stipulated post-removal to a maximum damages amount (which he did not), such a stipulation would not defeat the Court's jurisdiction. Second, Wisner's statement does not demonstrate to a "legal certainty that the claim is really for less than the jurisdictional amount." *Oshana*, 472 F.3d at 511 (citing *St. Paul Mercury*, 303 U.S. at 289). Nothing prevents Wisner from later seeking greater damages in this action. Furthermore, although post-removal stipulations cannot defeat jurisdiction, it is telling that even after removal, Wisner did not offer to stipulate to any such limit. When a plaintiff fails to stipulate that he will not seek damages in excess of $75,000, "the inference arises that he thinks his claim may be worth more." *Oshana*, 472 F.3d at 512 (citing *Workman v. United Parcel Service, Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000)). Finally, Wisner's motion to intervene in the breach of contract claim was still pending when QBE removed this case. Mot. to Intervene; Mar. 22, 2012 Order (setting a briefing schedule on Wisner's motion to

8

intervene). Therefore, it is possible that in addition to damages for his abuse of process claim, Wisner will also be able to seek damages from QBE for its failure to defend and indemnify Kalin and Hotchin in related litigation. QBE represents in its briefs that damages arising from the breach of contract action are "well in excess of $75,000," Def.'s Resp. Br. at 14, and Wisner at no point disputes that assertion except to argue that his claim "is limited to a claim for abuse of process." R. 22, Wisner's Reply Br. at 14. As discussed above, such assertions are not binding, nor can they defeat jurisdiction when made post-removal.

Nor do the district court cases cited by Wisner require that this case be remanded, since they are all distinguishable. *See Rosa v. American Family Life Assur. Co.*, 2012 U.S. Dist. LEXIS 34904, at *3 (N.D. Ill. Mar. 14, 2012) (damages limited by statute); *Vogel v. Sysco Guest Supply, LLC*, 2011 U.S. Dist. LEXIS 53709, *6 (N.D. Ill. May 16, 2011) (plaintiff estimated damages in response to interrogatories at just over $20,000); *Jacobson v. Browne*, 2011 WL 6934829, at *4 (N.D. Ill. Dec. 29, 2011) (defendants "did not carry their burden" on removal where proffered evidence was directly contradicted by plaintiff's affidavit). Rather, this case is more analogous to *Back Doctors*. In *Back Doctors*, the removing party presented plausible evidence that the amount in controversy exceeded the jurisdictional minimum in light of potential punitive damages, and the Court determined that a post-removal statement by the plaintiffs that they "do not 'now' want punitive damages" was insufficient to meet the "legal impossibility" standard. 637 F.3d at 830. Similarly, here QBE presented evidence

9

that Wisner may seeks damages that exceed the $75,000, and Wisner failed to show that such a recovery would be legally foreclosed.

For all the foregoing reasons, the Court has subject matter over this case pursuant to 28 U.S.C. § 1332, and QBE's removal of the case under 28 U.S.C. §§ 1441 and 1446 was proper.

## IV.

In its response to Wisner's motion to remand, QBE was permitted to challenge Wisner's standing in this case, in order to preserve QBE's right to make such arguments. Def.'s Resp. Br. at 7-10. After reviewing the parties' arguments on this issue, the Court concludes that a decision regarding Wisner's standing in this case would be better handled in conjunction with QBE's other arguments for dismissal (insufficient service of process, lack of personal jurisdiction, and failure to state a claim). Like QBE's other arguments for dismissal, and unlike the issues on the motion to remand, QBE's standing argument touches on "the nature and source" of Wisner's abuse of process claim. *See Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009) (internal citations and quotations omitted).

## V.

For the reasons stated above, Wisner's motion to remand [R. 13] is denied. Because the motion to remand is denied, Wisner's accompanying motion for attorneys' fees related to the motion to remand is also denied. QBE's pending motion to dismiss [R. 8] will be stricken. QBE shall re-file a comprehensive motion to dismiss that includes QBE's arguments on standing, in addition to any other arguments QBE

wishes to make, on or before February 15, 2013. Plaintiff's response is due on March 15, 2013. Any defense reply is due on March 29, 2013. The Court will address QBE's standing arguments in conjunction with the other bases for its motion to dismiss. Status hearing is reset to April 18, 2013 at 8:30 a.m.

ENTERED:

*Edmond E. Chang*

Honorable Edmond E. Chang
United States District Judge

DATE: January 25, 2013